## Hinkle v. Niblett

*George H. Detweiler,* for appellant.
*S. Thomas Bucciarelli,* for appellee.

SLOANE, J., March 28, 1940.—This appeal followed the board's award for partial disability.

Two reasons for the appeal are presented (though six exceptions were filed) : First, a mistake in computing the wage rate; and second, the refusal of the board to view certain motion pictures, viewed by the referee.

The first reason requires no comment. The mistake in computing the wage rate, if a mistake, is arithmetical, and need not be pondered or weighed by this court.

NOTE—See Nolder v. Serafini Construction Co., Inc., et al., 44 D. & C. 1.

It was agreed at bar and in conference with counsel that the employer's payroll record be produced to show the correct wage figure, and correction, if necessary, be made accordingly. That is simple.

The second reason deserves consideration. To overcome claimant's contention of partial disability, defendants had motion pictures taken showing claimant at work, using the allegedly disabled arm. The pictures were shown on behalf of defendants to the referee at the hearing before him in order to prove that claimant was able to work and was at work on November 3 and 4, 1938. These dates were subsequent to his injury and during the period for which he claims compensation. The record of the referee's hearing includes a running summation by him of the pictures, which show claimant engaged for a few minutes in his occupation as a bricklayer. There is nothing in the record to indicate that the pictures were marked as an exhibit or that the film itself was formally introduced into evidence. The referee found that claimant's partial disability terminated on November 2, 1938.

Upon appeal to the Workmen's Compensation Board, the referee's finding that disability had ceased on November 2nd was set aside, and for it was substituted a finding that the disability still continues. In the course of its opinion, the board wrote this:

"Much of the testimony taken at the remanded hearing was by the parties who took the motion pictures. . . . The claimant admits that he did work but, his testimony is to the effect that when he works any length of time, the arm injured in the accident becomes very tired and he is unable to continue his work. The motion pictures merely show the claimant in the act of performing work. He admitted that he worked."

There is nothing in the record to indicate that defendant offered the motion pictures in evidence before the board or that the board did not view the pictures. The portion of the opinion just quoted is the only refer-

ence to the pictures in the record of the proceedings before the board. The parties, however, stipulated at the argument before this court that the motion pictures were offered to the board and that the board refused to view them. This stipulation is to be considered as part of the record for our purpose.

We do not think it of final importance that the film was not formally introduced into evidence after the pictures were shown the referee or that there appears upon the record nothing to indicate that the pictures were not viewed by the board. The stipulation cares for the latter, and the principle set forth in section 422 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §834, that workmen's compensation proceedings are not governed by technical rules of evidence, eliminates the former.

Defendants' contention is that the board erred by refusing to view the pictures and for that reason the record should be remitted to the board for its further consideration.

Thinking the matter out, we start thus: Motion pictures, true reproduction of the scene portrayed, properly authenticated, constitute admissible evidence. Authorities are now easily found for this absorption into the law of evidence of another reliable method of fact-establishment: Commonwealth v. Roller, 100 Pa. Superior Ct. 125; Commonwealth v. Clark, 123 Pa. Superior Ct. 277; Boyarsky v. G. A. Zimmerman Corp., etc., 240 App. Div. 361, 270 N. Y. Supp. 134 (1934) ; Wigmore on Evidence (1934 Supp.), pp. 338-340.

But not so easily do we find expression or decision of the issue here raised: Should the Workmen's Compensation Board, at least in certain circumstances, review evidentiary motion pictures, before concluding upon a finding different from the finding of the referee?

If the board were a reviewing body in the sense of an appellate court, embracing the power judicially to

review and supervise a lower tribunal, we could answer that more easily. Fact finding or fact reversal is not typically an attribute of an appellate tribunal and reviewing evidence is not the same as receiving evidence. (Thus in the Roller case the pictures were not again shown in the Superior Court but were merely summarized in the printed record (at page 107(a)). The board is not an appellate body in the same way that we are, for example, with relation to it. We, and our appellate courts in workmen's compensation cases, are bound by findings of the compensation authorities sustained by competent testimony presented to the board or its referee. (See, for example, amongst many cases, Fulwiler v. Mack-International Motor Truck Corp. et al., 137 Pa. Superior Ct. 421, 425). That is not so with the board in its relation to a referee. The board may make its own findings or revise or disregard a referee's findings; it may examine the testimony before the referee and it may hear other or additional testimony: The Workmen's Compensation Act, supra, sec. 423 (as amended by the Act of June 4, 1937, P. L. 1552, 77 PS 854). The board may even hear the matter de novo (sec. 425, 77 PS §856).

Here the motion pictures have been of some significance in settling the disputed point—partial disability. That is a proper inference, for the referee who saw them found that disability terminated the day before the pictures were taken, and the board, who did not see them, reversed this finding by the referee, and found that disability continues. We should think that the board before making such reversal, or making or confirming any finding at all on the ultimate question of disability, should have viewed such pertinent evidence as motion pictures. Findings cannot be set aside and then remade without all pertinent evidence. That, of course, does not mean that these motion pictures or any motion pictures are conclusive upon a given point; nor that they conclude upon the question of loss of earning

power as prescribed in our cases. See Weinstock v. United Cigar Stores Co. et al., 137 Pa. Superior Ct. 128. But where the board reversed the referee in an important particular—termination or continuance of partial disability—it should apprise itself as fully as the parties through their respective witnesses permit. It is not enough for the board to say, as it did say, "the motion pictures merely show the claimant in the act of performing work." One party should not be permitted by a simple admission of a material fact to deny to the other the right to introduce more striking and informative evidence thereof, perhaps bettering its probative value.

Defendant should be given opportunity to present the pictures to the board, and claimant should be given like opportunity to cross-examine and rebut the testimony thus presented.

Accordingly, we sustain defendants' sixth exception, and dismiss the others.

And now, March 28, 1940, the record is remitted to the Workmen's Compensation Board for further proceedings consistent with this opinion.