DeBattiste, Appellant, *v.* Anthony Laudadio & Son et al.

Argued March 27, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Herbert H. Hadra,* with him *Robert H. Arronson,* for appellant.

*George H. Detweiler,* with him *Robert A. Detweiler, David Fulmer Keely* and *Charles W. Sweeney,* for appellees.

OPINION BY RHODES, P. J., July 20, 1950:

This is a workmen's compensation case in which the Workmen's Compensation Board made an award in favor of claimant for partial disability. The principal question presented on this appeal is whether certain motion pictures taken by agents of the insurance carrier and showing claimant performing his ordinary work as a laborer for a cement contractor irrefutably established that claimant was not partially disabled during the period in question.

Claimant was injured on November 8, 1945, in the course of his employment when thrown from his employer's truck in a collision. He filed a claim petition on December 5, 1945, and on May 16, 1946, the referee made an award of compensation of $20 a week for total disability until February 21, 1946, at which time claimant returned to work. In his original order of May 16, 1946, the referee found that "although the claimant has returned to work February 21, 1946, with no loss in earnings, he still has a definite disability as a result of the accident in this case." The referee then entered an order suspending compensation as of February 21, 1946, "until such time as the disability of the claimant . . . reflects itself in a definite loss in earning capacity." Cf. *Holtz v. McGraw & Bindley,* 161 Pa. Superior Ct. 371, 54 A. 2d 905.

On June 17, 1946, claimant filed a petition alleging that his former wage rate of one dollar an hour was reduced to fifty cents per hour as of May 1, 1946. After hearings, the referee awarded compensation at the rate

of $4.80 per week on the basis of a 15 per cent partial disability, although he found claimant's wages had been reduced from $1 to 50 cents per hour, or from $48 to $24 per week. Claimant appealed to the Board which, in its opinion of September 15, 1948, modified the referee's order, and awarded claimant compensation for partial disability from May 1, 1946, reflected in a fifty per cent loss of earning power, at the rate of $16 per week until such time as the disability should cease or change. Both claimant and the defendant insurance carrier appealed to the Court of Common Pleas of Philadelphia County. Over claimant's objection, counsel for the defendant insurance carrier then exhibited to the court certain motion pictures taken by its investigators. Before the court of common pleas handed down its decision, the defendant insurance carrier filed a petition with the Board for recall of the record and for a rehearing. The insurance carrier's petition was granted by the Board for the purpose of viewing the motion pictures. After viewing the pictures the Board held that they were not conclusive on the question of claimant's continuing partial disability, and on September 28, 1949, handed down an opinion republishing its former findings, conclusions, and award.[1] With reference to the 400 feet of film presented by the carrier, showing claimant doing heavy work, and taken on April 30, May 1, 2, 27, and 28, 1947, the Board stated: "They [the motion pictures] disclosed claimant's activity for a total period of twenty minutes and took sixteen minutes to show. The five reels were fastened together and do not show claimant's continuous activity for any extended period of time. They show that claim-

[1] "The defendant employer and/or the insurance carrier are directed to pay the claimant compensation for partial disability at the rate of $16.00 per week beginning May 1st, 1946 and continuing until such time as the disability shall change or cease within the meaning of the Act. Interest shall be payable on the award as of June 17th, 1946."

ant was able to do some work but we still believe that claimant is partially disabled and suffers a loss of earning power. The films have not persuaded us that claimant has made a complete recovery from his injuries. The claimant's medical evidence and the testimony of the impartial physician concerning claimant's disability are more convincing to us than the 'excerpts' of claimant's activity as presented by the films." From this order of the Board both parties appealed to the court of common pleas. Claimant contended that he should receive an award for total disability; and the carrier claimed that claimant suffered no loss of earning power and that there should be no award of compensation. The court of common pleas held that the motion pictures furnished incontrovertible proof that claimant suffered no disability: "The authenticity of these pictures is not questioned. The claimant was present when they were shown before the Referee and is easily recognizable. They were taken by investigators employed by the insurance carrier and show the claimant at work, for the same employer for whom he worked at the time of the accident, on various masonry and construction 'jobs'. He can be seen lifting and carrying long planks, lifting and carrying 95 pound bags of cement, mixing concrete in a trough with a hoe, and lifting a contractor's iron wheelbarrow above shoulder height to place it in a truck. The pictures were taken on April 30, May 1 and May 2, 1947 and on May 27 and May 28, 1948 [1947] at various time of day, including the late afternoon working hours." After stating the Board's reaction to the pictures, the court below continued: "We do not think that the pictures can be so lightly brushed aside. They furnish absolutely incontrovertible proof that the claimant can lift his injured arm above his head and otherwise use it in ways he claimed he could not, and that he is not 'totally disabled for hard or heavy work' as found by the Board. In fact, they support but one conclusion and that is that the

claimant suffers no impairment of ability to do the heavy work of a laborer. The oral testimony and medical opinion to the contrary must therefore be disregarded, Brett v. Philadelphia Transportation Co., 154 Pa. Superior Ct. 429, and are not competent evidence to justify findings of fact as required by Section 422 of the Workmen's Compensation Law as amended." The court then remitted the record to the Board "for further proceedings not inconsistent with [its] opinion."

In his appeal to this Court claimant contends that the pictures were not conclusive and that the court had no authority to overrule in effect the Board on a factual matter. The insurance carrier has filed a motion to quash claimant's appeal to this Court on the ground that the order of the court below remanding the record to the Board for further proceedings is interlocutory.

Although never offered in evidence formally and always in the possession of agents of the insurance carrier, the pictures were viewed by this Court on the appeal. It is admitted that they were taken without the knowledge or consent of the claimant. They are amply described by the excerpts quoted from the opinion of the court below. The pictures undoubtedly have some bearing on the extent of claimant's disability after his return to work for the same employer. They show that he is apparently able to do work at times as a laborer. Motion pictures, properly authenticated, may well be admissible evidence for the purpose of establishing facts (*Com. v. Roller,* 100 Pa. Superior Ct. 125, 83 A. L. R. 1315; *Boyarsky v. G. A. Zimmerman Corp.,* 240 App. Div. 361, 270 N. Y. S. 134; *Morris v. E. I. DuPont De Nemours & Co.,* 346 Mo. 126, 139 S. W. 2d 984, 129 A. L. R. 352; Annotation, 129 A. L. R. 361-368), and in cases involving personal injuries they have been admitted to show that the plaintiff or claimant has acted in ways inconsistent with his alleged disability. 3 Wigmore on Evidence, 3d Ed., §798 (b.), pp. 203-206. It is equally clear that, whatever

their evidentiary value, the pictures do not furnish conclusive proof that claimant suffered no disability and consequent loss of earning power. The doctrine of incontrovertible physical facts which appellee urges is not applicable to the situation before us. *Streilein v. Vogel,* 363 Pa. 379, 69 A. 2d 97; *Cunningham v. Pennsylvania R. Co.,* 352 Pa. 571, 575, 43 A. 2d 825; *Long v. Pennsylvania Truck Lines, Inc.,* 335 Pa. 236, 240, 5 A. 2d 224. The question of the extent of physical disability and consequent loss of earning power is a complex factual matter dependent on many variables. *Winters v. State Workmen's Insurance Fund,* 136 Pa. Superior Ct. 293, 7 A. 2d 112; *Michetti v. State Workmen's Insurance Fund,* 143 Pa. Superior Ct. 458, 17 A. 2d 712; *Svestka v. Union Collieries Co.,* 149 Pa. Superior Ct. 468, 472, 27 A. 2d 675; *Leaver v. Midvale Co.,* 162 Pa. Superior Ct. 393, 399, 400, 57 A. 2d 698. Such question cannot be conclusively resolved in the present case by the modern mechanical device of motion pictures showing claimant performing some work. Cf. *Hinkle v. Niblett,* 43 Pa. D. & C. 441, 443, 444. The pictures leave many questions unanswered. How does claimant's present physical ability and earning power compare with his physical ability and earning power before the accident? The pictures show claimant's activity for very limited periods of time. Was claimant then working faster or slower than before the accident? The pictures cannot accurately measure his speed, energy and efficiency at work; they do not constitute an infallible measure of either disability or earning power. There was ample medical and other testimony to support the Board's finding as to the extent of claimant's disability and his loss of earning power.[2] Two physicians, testifying for

[2] "The claimant therefore has had partial disabilities varying from 50% to 15%, which reflected in a loss of earning power, which we believe is equal to his loss of wages. He is therefore entitled to receive 66-⅔% of $24.00 or $16.00 per week from May 1st, 1946."

claimant, gave their professional opinions that claimant was 50 per cent disabled for light work and 100 per cent disabled for heavy work. Claimant testified that he could do some work for limited periods, accompanied with pain. His employer testified that claimant could do only light work. Dr. Maxwell F. White, the impartial expert appointed by the Board, testified that claimant had a permanent disability of 10 to 15 per cent.

Appellee's motion to quash the appeal is without merit. The court below erred in holding the motion pictures irrefutably and conclusively established that claimant suffered no disability. By its opinion and order of remission the court below undertook to direct the Board how to find the facts. This action was entirely outside the province of the court and its order of remission under such circumstances was not interlocutory. *Fronko v. United States Sanitary Mfg. Co.*, 155 Pa. Superior Ct. 636, 644, 39 A. 2d 363; *Rozauski v. Glen Alden Coal Co.*, 165 Pa. Superior Ct. 460, 465, 69 A. 2d 192.

The order of the court below is reversed, and the record is remitted to the court below with direction to enter judgment for claimant on the Board's award.