## Price *v.* Commonwealth, Appellant.

Argued March 1, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Edward D. Werblun,* Assistant Attorney General, with him *John R. Rezzolla,* Chief Counsel, Department of Highways, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*Robert G. Dean,* for appellee.

OPINION BY WATKINS, J., March 18, 1965:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Susquehanna County, awarding a new trial to George Price, the appellee, in a land condemnation case.

The Commonwealth of Pennsylvania, Department of Highways, under the power of eminent domain, condemned the land of George Price to be used in the construction of Interstate 81, known locally as the "Penn-Can" Highway. The affected tract consisted of approximately 18 to 20 acres of land of which approximately 7 acres were taken and 7 acres severed.

The Board of View awarded appellee $27,166. The Commonwealth appealed and after trial, the jury returned a verdict in favor of the appellee, in the amount of $6800. The appellee's motion for a new trial was granted. This appeal followed.

The questions raised by the motion for a new trial were: (1) Was the verdict inadequate? and (2) Did the Court err in excluding the testimony of George Price, the owner, as to the fair market value of his property?

We will not discuss the question of adequacy as we are convinced that the award of a new trial by the court below on the ground of the exclusion of the owner's testimony was not an abuse of discretion. It is well settled that the grant or refusal of a new trial is discretionary with the court below and its action will not be disturbed by the reviewing court in the absence of a manifest or palpable abuse of discretion. *McArthur v. Balas,* 402 Pa. 116, 166 A. 2d 640 (1961).

An examination of the opinion of President Judge LITTLE of the court below discloses a strong feeling on his part that error was committed in striking out the testimony of the owner as to the fair market value of

the property so that in the interest of justice a new trial was indicated.

It is true, as the Commonwealth contends, that particular items of damage may be considered as facts, but their specific value may not be given, such as the value of subsurface materials, in this case sand and gravel, *Hasenflu v. Commonwealth,* 406 Pa. 631, 639, 179 A. 2d 216 (1962). However, the owner can take into consideration his knowledge of the value of the subsurface materials in arriving at his opinion of the fair market value before and after the taking.

As indicated by the court below this owner was confused by the complications of the rule of law as to market value and his evidence did indicate that he was testifying as to the value of sand and gravel. He did, however, in fact, testify to a market value before the taking of $700,000 and a market value after the taking of $100,000. The testimony was stricken when, on cross-examination, the owner again indicated that his value was based on the sand and gravel. The following colloquy then took place between the court and the witness: THE COURT: "Before we rule, we would like to ask the witness a question. We want to understand what the witness means and we want to be fair to him. Now you just said in response to that question that you were taking into consideration certain items, now the Court wants to know whether you have given in your figures what you consider to be the fair market value of this land, that's what a person willing but not forced to sell a piece of land to another person willing but not forced to buy, taking into consideration all these uses to be put or that the property may be reasonably adapted. Now you are stating here what in your opinion that land or the fair market value of that land was before the taking and unaffected by the taking of course as it lay there and consisted of sand and gravel. A. I guess basing it on

the sand and gravel that's contained, Court continuing after interruption 'or are you giving the price of that land taking into consideration what you could get per ton for the sand and gravel that is under it'. A. That's right. The Court: Well then, we will sustain the objection."

The court below in its opinion says: "It is our opinion that the plaintiff's testimony should not have been stricken. He could not, of course, meet the qualifications of an expert witness but as an owner he could take into consideration all of the uses to which the property might with reason be put, a mineral or other subsurface deposits and the quantity of sand and gravel on the property and his testimony, for what it was worth should have been submitted to the jury."

It is proper for the witness-owner to take into consideration that the land contained a valuable deposit of sand and gravel in forming his opinion. *Sgarlat v. Commonwealth,* 398 Pa. 406, 158 A. 2d 541 (1960). He may consider particular items of damage in forming his opinion but may not state the individual values. *Hasenflu v. Commonwealth,* supra. "Market value or damages may be established by the owner of the property, by expert witnesses, or by persons with knowledge and experience qualifying them to form a reasonably intelligent judgment as to value. An owner through personal knowledge of his property, with a reasonable opportunity to observe its area, the uses to which it may be put, the extent and condition of any improvements thereon, possesses sufficient knowledge from which to form an opinion as to the value of his own property. Such an owner may not be familiar with the general prices of property in the neighborhood, nor may he possess all the qualifications that would be required of others who testify as to value. Nevertheless, because he is an owner with a general knowledge of his property, he is a competent witness."

*Westinghouse Air Brake Co. v. Pittsburgh,* 316 Pa. 372, 376, 176 A. 13 (1934). See also: *Hencken v. Bethlehem Water Authority,* 364 Pa. 408, 72 A. 2d 264 (1950).

Order affirmed.