John B. Kelly Company, Inc., et al. *v.* Davis, et al.

590

Argued January 12, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*David L. Pennington*, with him *Harvey, Pennington, Herting & Renneisen, Ltd.*, for appellants.

*David Gold*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 17, 1973:

This is an appeal from a decision of the Workmen's Compensation Appeal Board granting benefits to the claimant- appellee.

On June 2, 1961 claimant Sam Davis injured his back at his place of employment, John B. Kelly Co., Inc. A hearing was held before a referee appointed by the Workmen's Compensation Appeal Board and an

award for total permanent disability was made in favor of the claimant.

On September 12, 1969, the employer filed a Petition to Terminate[1] alleging (1) that the claimant had returned to employment on May 22, 1969; (2) that the claimant was no longer totally disabled, and (3) that the employer was entitled to a suspension of payments.

A hearing was held on the employer's petition on June 1, 1971. After viewing motion pictures taken of the claimant by the employer and receiving other testimony, the referee concluded that the claimant's disability had changed from total to partial. The referee ordered payment of maximum partial disability benefits to the claimant as of May 22, 1969.

The claimant appealed the referee's decision to the Workmen's Compensation Appeal Board (Board) which, after a hearing, reversed the referee's determination that the claimant's disability had changed from total to partial.

The employer has appealed the Board's decision to this Court.

The appellant-employer contends (1) that the Board erred as a matter of law in its determination that the appellant-employer failed to produce sufficient and competent evidence to support the referee's finding that the claimant's physical condition changed from total to partial disability, and (2) that the Board capriciously disregarded competent evidence by its failure to review all the documentary evidence presented by the appellant-employer before the referee when the opportunity to review said evidence was provided by the appellant-employer.

We disagree with the contentions of the appellant and affirm the decision of the Board.

---

[1] This was the third Petition to Terminate filed by the employer. The first petition was dismissed and the second was withdrawn.

This Court's scope of review in a workmen's compensation case is limited. Where the decision of the Workmen's Compensation Appeal Board is adverse to the party having the burden of proof, the scope of appellate review is limited to a determination as to whether the findings of the Board are consistent with each other and with its conclusions of law and its order can be sustained without a capricious disregard of competent evidence. *Pellegrino v. Baldwin-Lima-Hamilton Corporation*, 5 Pa. Commonwealth Ct. 150, 289 A. 2d 531 (1972).

The appellant's main contention is that the Board erred as a matter of law in determining that the appellant did not produce sufficient and competent evidence to justify the referee's finding that the claimant's disability changed from total to partial in nature.

An employer petitioning for authority to terminate workmen's compensation payments has the burden of proving that the claimant is no longer entitled to such payments. *See Pellegrino v. Baldwin-Lima-Hamilton Corporation, supra; Lackman v. F. W. Woolworth*, 205 Pa. Superior Ct. 129, 208 A. 2d 23 (1965).

The bulk of the evidence offered by the appellant to sustain his burden of proof consisted of films taken of the claimant by private investigators. The weight to be given these films is the real issue in dispute.

Motion pictures which are properly identified and authenticated are admissible as evidence for the purpose of establishing facts. *DeBattiste v. Anthony Laudadio and Son, et al.*, 167 Pa. Superior Ct. 38, 74 A. 2d 784 (1950); *Commonwealth v. Roller*, 100 Pa. Superior Ct. 125 (1930).

However, it is clear that films alone are inadequate to sustain appellant's burden of showing a reduction of claimant's disability from total to partial.

The record is devoid of any testimony by the appellant that there is work available for the claimant in

light of his age, sixty-one years, his second grade educa-
tion, and his disability. Such is the requirement placed
on the appellant by *Petrone v. Moffat Coal Company*,
427 Pa. 5, 233 A. 2d 891 (1967).

The films produced by the appellant have question-
able value. In *DeBattiste, supra,* a case particularly
relevant to the problem at hand, the Superior Court of
Pennsylvania aptly pointed out the questions left un-
answered by motion pictures. The Court said, "The
pictures show claimant's activity for very limited pe-
riods of time. Was claimant then working faster or
slower than before the accident? The pictures cannot
accurately measure his speed, energy and efficency at
work; they do not constitute an infallible measure of
either disability or earning power." 167 Pa. Superior
Ct. at 43, 74 A. 2d at 787.

It must also be remembered that films taken of one
party to a lawsuit by the other party are necessarily
suspect. The pictures must be carefully scrutinized
because of the ease with which true films can be altered
and distorted into frames of damaging fabrications.[2]

The films presented by the appellant in this case
show the claimant "working" at a gas station. The
pictures merely show the claimant pumping gas and
in one sequence, working over a tire.[3] The length of the
films showing any work by the claimant is minuscule
in light of the fact that he was under surveillance from
1966 until 1969.

The claimant testified that he had worked at the
gas station, on a part-time basis, for a period of about

---

[2] This is not to suggest that such is the case here. The record
shows that the investigator readily admitted that on many days
the claimant did nothing and the films reflect this. The films
also show the claimant at the gas station performing no work.

[3] This can be gleaned from the running description on the
record of the film being shown to the referee by the investigator
who took the pictures.

two weeks, but had to quit under doctor's orders because such work caused him extreme pain.

Under the circumstances, the Board did not capriciously disregard evidence in determining that the referee placed too much weight on the films and that the appellant has not sustained its burden of proving a change from total to partial disability.

The appellant also contends that the Board capriciously disregarded competent evidence by its failure to review the motion pictures presented by the appellant.

This contention has been disposed of in our discussion of the burden placed on the party who seeks to have a disability changed from total to partial. Films showing the claimant shuffling around a gas station, occasionally pumping gas, do not sustain the burden of the appellant. Since the appellant offered no medical testimony to show a feigning of injury or the required evidence of work available which suited the mental and physical capabilities of the claimant, *Petrone, supra,* a substantial and necessary element of appellant's burden in this petition to terminate was not sustained.

We must point out that this Court does not approve of the Board's refusal to view the films. Our decision to affirm results from the fact that the Board had the benefit of a running narration of the films by the appellant's investigation on the record. From this, some review of the films though limited could be afforded.

However, the factor that must be again emphasized is that the films alone are not *sufficient* to sustain the appellant's burden. A viewing of the films by the Board could not have changed that and remand by this Court for that purpose would be futile.

ORDER

AND Now, this 17th day of April, 1973, the order of the Workmen's Compensation Appeal Board is hereby affirmed. Accordingly, judgment is entered in favor

of the claimant, Sam Davis, and against John B. Kelly Company, Inc., for compensation at the rate of $42.50 resuming on May 22, 1969, together with interest at the rate of six percent per annum on deferred installments from the date due to the date paid, and continuing for an indefinite period, all within the terms and limits of the Pennsylvania Workmen's Compensation Act.