508 A.2d 1317

John Curry, Inc. and Centennial Insurance Company, Petitioners v. Workmen's Compensation Appeal Board (Adams), Respondent.

Argued April 8, 1986, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Susan McLaughlin,* with her, *Roger B. Wood* and *David L. Pennington, Harvey, Pennington, Herting & Renneisen, Ltd.,* for petitioners.

*Theodore P. Winicov,* with him, *James J. DeMarco, DeMarco & Carrafiello,* for respondent, William Adams.

OPINION BY JUDGE CRAIG, May 7, 1986:

John Curry, Inc. appeals from a Workmen's Compensation Appeal Board order affirming a referee's decision awarding total disability compensation to William Adams. The board's order is affirmed.

According to the referee's findings of fact, the claimant filed a petition on April 7, 1978, for an injury sustained on February 10, 1978. At the time of the initial accident, the claimant was employed as a truck driver. He continued to work until March 10, 1978, when he fell on an ice embankment and reinjured himself while making a delivery for the employer. Although the claimant returned to work on September 1, 1978, working three days per week, he had to cease work on November 20, 1978 because the continued work aggravated the March injury.

The employer raises three issues;[1] however, in framing the factual issues, the employer has pursued an in-

---

[1] The employer raises the following issues:

(i) Whether the referee's findings are supported by sufficient and competent evidence,

applicable standard of review. Where the board does not consider additional evidence and the party with the burden of proof has prevailed before the referee, the standard of review as to facts is whether substantial evidence exists to support the essential findings of fact. *Montgomery Mills Co. v. Workmen's Compensation Appeal Board,* 26 Pa. Commonwealth Ct. 471, 364 A.2d 508 (1976). Hence, the issues are: (1) whether the referee's findings of fact are supported by substantial evidence, and (2) whether the board committed an error of law in failing to review the employer's films.

The employer offered testimony before the referee that, although the claimant's injuries justified restrictions on lifting, there were jobs available to the claimant. In addition, the employer submitted films "depicting a few of claimant's activities." However, the referee found credible the claimant's testimony and the testimony of the claimant's physician indicating that the claimant was totally and permanently disabled by his injuries suffered at work. The referee, as the ultimate factfinder,[2] may accept or reject the testimony of any witness in whole or in part, and further, the referee's decision to accept the testimony of one competent medical witness over another will not be disturbed on appeal. *Borkowski v. Workmen's Compensation Appeal Board (John F. Kennedy Medical Center),* 74 Pa. Commonwealth Ct. 310, 459 A.2d 1336 (1983). Consequent-

(ii) Whether the board capriciously disregarded evidence in refusing to consider the employer's medical testimony, job availability testimony and surveillance testimony and films, and

(iii) Whether the board committed an error of law in refusing and failing to review the films.

[2] The referee is the ultimate factfinder where the board takes no additional evidence. *Katz v. Evening Bulletin,* 485 Pa. 536, 403 A.2d 518 (1979).

ly, the record contains substantial evidence to support the referee's finding that the claimant is permanently and totally disabled.

Although the referee viewed all of the employer's films in their entirety, the board failed to obtain and view the surveillance films. This court has stated that "[t]he Board cannot fulfill its statutorily mandated duty without having the benefit of the entire record." *Del Penn Steel Corp. v. Abrams,* 8 Pa. Commonwealth Ct. 226, 229, 302 A.2d 875, 877 (1973). Moreover, this court has voiced its disapproval of the board's refusal to view such films. *John B. Kelly Co., Inc. v. Davis,* 8 Pa. Commonwealth Ct. 589, 594, 303 A.2d 255, 258 (1973). Consequently, where surveillance films are admitted into evidence without objection, constituting part of the record, the board commits an error of law in not viewing those films in its review of the entire record.

The issue remains whether the board's error in not viewing the films justifies a remand. When the record is incomplete, lacking evidence essential to a determination of the issue, the proper course of action is to remand. *Marshall v. Workmen's Compensation Appeal Board (Gulf & Western Industrial Products Company, etc.),* 79 Pa. Commonwealth Ct. 128, 468 A.2d 1164 (1983).

However, when the record contains substantial evidence to support the referee's findings, those findings cannot be disturbed on appeal. Here, the films were not essential to the board's determination that substantial evidence supported the referee's findings of total and permanent disability. Because the board's substantial evidence determination precluded it from disturbing the referee's findings, the board's error in not viewing the films in its review of the entire record was harmless.[3] Moreover, this court, in a similar case in

---

[3] The employer argues that "[s]ince there was plenty of other evidence . . . to support the films . . . , the referee was clearly

which the board refused to view films, affirmed the board's decision based on "the fact that the Board had the benefit of a running narration of the films by the [employer's] investigation on the record. From this, some review of the films though limited could be afforded." *John B. Kelly Co., Inc.,* 8 Pa. Commonwealth Ct. at 594, 303 A.2d at 258. In this case, the employer's investigator testified before the referee as to the contents of the films, giving a narration of the films as they were being shown. Consequently, record evidence concerning the content of the moving pictures was before the board.

Accordingly, the board's order is affirmed.

ORDER

Now, May 7, 1986, the order of the Workmen's Compensation Appeal Board, No. A-86215, dated November 8, 1984, is affirmed.

---

required to accept the films as corroborative evidence of at least a partial physical disability or, preferably, as evidence of termination of physical disability." The employer reiterates the same claim with respect to the board. However, under the governing substantial evidence standard, if the determinative findings are supported, there is no requirement that any contrary evidence be accepted.