550 A.2d 847

Joan Hausman Sule, Petitioner *v.* Workmen's Compensation Appeal Board (Kraft, Inc. and Ideal Mutual Insurance Company), Respondents.

Submitted on briefs October 11, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Robert J. Magee, Worth Law Offices, P.C.,* for petitioner.

*Wilbur C. Creveling, Creveling & Creveling,* for respondent, Kraft, Incorporated.

OPINION BY JUDGE DOYLE, November 22, 1988:

This is an appeal by Joan Hausman Sule (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting the petition of Kraft, Inc. (Employer) for termination of benefits.

On April 19, 1981 Claimant suffered an injury to her right shoulder and hand. She was paid benefits and there followed thereafter a series of supplemental agreements and final receipts. Immediately prior to the filing of Employer's instant petition seeking a termination/suspension or modification of benefits, Claimant was receiving benefits. The referee found that Employer's medical expert, Dr. Donio, testified that Claimant had

"a totally ineffective right upper extremity known as a reflex sympathetic dystrophy." He further indicated that Dr. Donio testified that Claimant had no prognosis for recovery and that she had to live with a right arm which was nearly one hundred per cent disabled and useless.[1] Employer also presented as evidence a surveillance film of Claimant which revealed her shoveling dirt using both hands, carrying the shovel, removing her jacket and extending and flexing her arm, making motions with her right hand and raising her right hand and arm to head level and above, and scratching the top of her head. She performed these various activities without any apparent disability, functional impairment, pain, discomfort or abnormal configuration. Moreover, the film revealed that when Claimant realized she was being photographed she acted as though she was experiencing great pain in her *left* hand and arm.

Relying upon the surveillance film, the referee determined that Claimant's disability had terminated. He found Dr. Donio's testimony incredible because he had relied upon Claimant's subjective statements as to pain, which statements the referee determined to be incredible. Claimant appealed and the Board affirmed.

On appeal here, Claimant, presents several arguments which we shall consider, keeping in mind that our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

Claimant contends that the referee committed error in relying solely upon the surveillance film to support his determination. It is true, as Claimant indicates, that surveillance films alone are inadequate to sustain the

---

[1] Employer also presented the testimony of Dr. Mertaugh.

evidentiary burden of showing that a claimant's disability has been reduced. *Hartzell v. Workmen's Compensation Appeal Board (Bowen McLaughlin, York Div.)*, 101 Pa. Commonwealth Ct. 137, 515 A.2d 1009 (1986); *Isadore v. Workmen's Compensation Appeal Board (Owens-Illinois)*, 77 Pa. Commonwealth Ct. 346, 465 A.2d 1096 (1983). Claimant asserts that because neither doctor indicated that her disability had ceased, there is no other medical evidence to support a finding that disability had terminated. We, however, need not reach that issue because, as Claimant also points out, counsel for Employer has admitted to Claimant's disability. That attorney, in referring to the medical testimony, stated at the hearing, "We are not contending that [Claimant] has the use of the arm. The doctor's testimony is that the arm is useless." N.T. 43.

It is well settled that an admission of an attorney during the course of a trial is binding upon his client. *Piper Aircraft Corp. v. Workmen's Compensation Appeal Board (Bibey)*, 86 Pa. Commonwealth Ct. 614, 485 A.2d 906 (1985). We view the statement by the attorney as an admission by Employer that Claimant's arm continues to be useless. A termination of benefits is proper only when the work-related disability ceases entirely. *See e.g., Workmen's Compensation Appeal Board v. Mifflin-Juniata State Health Foundation*, 19 Pa. Commonwealth Ct. 133, 338 A.2d 691 (1975). Therefore, the referee and Board erred in terminating benefits when the continuing medical disability was admitted to by Employer.

Employer argues, no doubt because it recognizes that Claimant's medical disability continues, that there is sufficient evidence of record to demonstrate that it offered Claimant a position which she was capable of doing without any loss in pay. A suspension of benefits is the appropriate remedy where medical disability ex-

ists but it does not manifest itself in a loss of earning power. *Economy Decorators, Inc. v. Workmen's Compensation Appeal Board (Federici)*, 96 Pa. Commonwealth Ct. 208, 506 A.2d 1357 (1986). The referee did make an alternative finding which stated, "Even without the use of the right arm a suitable position of employment at Defendant Employer was available to Claimant as of August 29, 1983 paying wages of at least $276.00 per week, and Claimant was notified of said position on August 24, 1983 and August 25, 1983, however, Claimant refused to accept or attempt to perform said employment." Finding of Fact 12. Our independent review of the record discloses that this finding is supported by substantial evidence.

Claimant contends, however, that there is insufficient evidence to support this finding because Dr. Donio testified only that the job was "worth a trial." The doctor stated in fact:

> It was my opinion that this job with her severe disability and handicap would be definitely worth a trial and *I thought that she would be able to do this as a one-handed, one-armed activity and I reviewed this very carefully and I thought that she should be able to do this job.* (Emphasis added.)

N.T. 24. In our view this testimony is unequivocal, and indicates the doctor's belief that Claimant could perform the job in question.

Claimant also contends that Employer acted unreasonably because it knew of the position in June of 1983, yet it delayed in offering it to her until August of 1983, and then directed her to report for work five days after it made the offer. She asserts further that she told Employer, through her boyfriend, that she wanted to meet with Dr. Donio before accepting the position. Employer's witness, however, testified that he advised

Claimant that Dr. Donio had already reviewed the job description and had determined that Claimant was capable of performing the work. While Employer did not set up a meeting between Claimant and Dr. Donio, there is no evidence that it precluded Claimant from contacting Dr. Donio within the five day period. On these facts, we cannot say the referee erred in determining that Claimant refused suitable work. Thus, we conclude that Claimant is entitled to a suspension because her disability continued but, that Claimant refused suitable work.

Finally, claimant seeks attorney's fees contending that Employer's contest was unreasonable. In light of our determination that Employer proved entitlement to a suspension, we do not view this contest as unreasonable. Accordingly, we decline to order an award of attorney's fees.

Based upon the foregoing opinion, the order of the Board is hereby modified to direct that Claimant's benefits be suspended rather than terminated. In this instance the modification is technical, only since Claimant would not be, and is not, entitled to benefits because she refused suitable work.

## ORDER

NOW, November 22, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby modified to direct that Claimant's benefits be suspended rather than terminated.