642 A.2d 1153

**Louis J. ROSSI, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (CITY OF HAZLETON, Employer, P.M.A. Insurance Company), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1993.

Decided May 20, 1994.

Reargument Denied July 12, 1994.

234

Edmund J. McCullough, for petitioner.

Gilian T. Bozik, for respondent.

Before DOYLE and SMITH, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Louis J. Rossi (Claimant) appeals from the March 16, 1993 order of the Workmen's Compensation Appeal Board which affirmed the referee's decision awarding him total disability benefits from June 22, 1983 to August 25, 1986 and partial disability benefits beginning August 26, 1986 pursuant to the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031. The issues raised on appeal are whether the Board erred by remanding the case to the referee for additional evidence; whether the referee obeyed the Board's remand order; whether the referee erred by considering the City of Hazleton's (Employer) surveillance films of Claimant; whether the Board erred in determining that work was available to Claimant; and whether the referee properly computed Claimant's wages.

I

Claimant filed a claim petition on February 3, 1984 alleging that on June 22, 1983 he suffered a work-related heart attack and heart and lung diseases while employed as a fire fighter with Employer.[1] At hearings on the claim petition, Employer

1. The referee accepted Claimant's medical expert's opinion that Claimant is unable to engage in his former employment as a result of his work-related obstructive lung disease and heart condition, but could perform other types of work such as sedentary functions. This finding has not been challenged on appeal.

introduced and the referee admitted into evidence surveillance films which showed Claimant working as an automobile inspection mechanic at a garage, also a state automobile inspection station, located behind Claimant's residence. In this connection, the referee found as follows:

> The claimant was observed working on automobiles inside and outside of the garage, using automobile jacks to jack up a car, placing an inspection sticker on a vehicle, walking, bending over the hood of a car and working on it, accepting money from an individual, laying on the ground along side a car and working on the car, and kneeling while operating a hydraulic jack on a car.

Referee's December 1, 1988 Decision, Finding of Fact No. 14. The referee further found that:

> The fact that the claimant claimed no income for his work activity should not obviate against a finding of partial disability. The facts in the case at bar can be likened to a situation in which the availability of suitable work has been proven, and a claimant elects not to perform that work. Although there is no actual receipt of wages there is a presumption that there is available work which the claimant is capable of performing, and a resulting offset of wages. Your Referee finds that claimant was performing employment which would compensate him at least at the minimum wage, and had an earning capacity of $134.00 per week, effective August 26, 1986.

*Id.* at Finding of Fact No. 16.

The referee concluded that Claimant met his burden of proving his inability to engage in his former occupation as a fire fighter but reduced his total disability compensation of $260.59 per week to partial disability of $171.25 because Claimant was engaged in substantial work activity as an automobile mechanic. Claimant appealed to the Board which affirmed the referee's award of compensation to Claimant but vacated the referee's Finding of Fact No. 16 because it determined that there was insufficient evidence in the record concerning any possible employment in which Claimant was engaged. The Board remanded the case to the referee to

afford both parties an opportunity to present evidence with respect to Claimant's activity at the garage as shown on the surveillance films and the availability of work by any witness according to Claimant's physical and vocational limitations.

Following the remand, Claimant testified that he owned the garage in question and leased it to James Umbriac from 1986 until 1989. Claimant further testified that he was not employed by the garage and only worked in the garage on vehicles owned by himself or his sons; he was at the garage either every or every other day; and the Pennsylvania State Police Official Inspection Station Supervisor's Report dated February 12, 1987, Employer's Exhibit No. 3–Remanded Claim, listed Claimant as a certified mechanic for Umbriac's garage because the law requires one to be on the premises forty hours per week and Claimant had to be on the premises when Umbriac was not there. Umbriac testified that Claimant was listed on certain documents as a person authorized by the state to sign inspection stickers, that Umbriac was not in the garage very often because he was too busy, and that he never requested Claimant to be there because he was at the garage most of the time anyway. Umbriac further stated that he never paid Claimant for anything that Claimant did at the garage.

Employer presented the deposition testimony of Betty J. Carr Marino, a certified vocational and rehabilitation counsellor, who stated, in pertinent part, that Claimant's activities at the garage as depicted on the surveillance films were activities associated with the job of automobile mechanic, and the prevailing wages for automobile mechanics in the Hazleton geographical area in 1986 was between $5 and $9 per hour. Employer also presented Department of Transportation records which indicated that Claimant was certified by the state as an inspection mechanic for at least the period April 1, 1986 to March 13, 1992, Employer's Exhibit Nos. 1, 2–Remanded Claim.

The referee determined that Claimant and Umbriac lacked credibility and rejected their testimony; accepted the testimony of Marino; and found that Claimant was regularly, sub-

stantially and gainfully employed as a mechanic at Umbriac's garage from August 26, 1986 to February 26, 1990 because, inter alia, he worked on automobiles and was listed as a state-certified mechanic at the garage, spent every or every other day at the garage, and received money from customers. The Board affirmed and Claimant appealed to this Court.

## II

Claimant argues that the Board should not have remanded this matter to the referee because Employer had ample opportunity to present evidence in the first group of hearings and the remand allowed it an improper second chance to present evidence; and the referee did not obey but went beyond the remand order by finding facts and changing facts that he found in his first opinion. Claimant further argues that the Board and the referee improperly considered the surveillance films as the basis to determine work which Claimant can perform since Employer presented no medical evidence to support the films, and improperly considered the testimony of Employer's vocational expert concerning work availability because such work was not communicated to Claimant.[2]

A claimant has the burden to prove that an injury arose in the course of employment and was related thereto. *Krawchuk v. Philadelphia Elec. Co.*, 497 Pa. 115, 439 A.2d 627 (1981). The Board may remand cases when findings of the referee are not supported by competent evidence or the referee failed to make findings on a crucial issue. Section 419 of the Act, 77 P.S. § 852; *Essi Int'l, Inc. v. Workmen's Compensation Appeal Board (Bowman)*, 132 Pa.Commonwealth Ct. 573, 573 A.2d 677 (1990). In order to determine

2. This court's scope of review of a decision of the Board is limited to determining whether constitutional rights were violated, an error of law was committed, or findings of fact are not supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.)*, 70 Pa.Commonwealth Ct. 542, 453 A.2d 710 (1982).

whether a remand for additional findings of fact is appropriate, this Court must ascertain whether the party with the burden of proof failed to prevail below and whether the findings of fact are sufficient to support the conclusion that the party failed to sustain any element of its burden. *See Panaci v. Workmen's Compensation Appeal Board,* 66 Pa.Commonwealth Ct. 188, 443 A.2d 881 (1982); *Roadway Express, Inc. v. Workmen's Compensation Appeal Board,* 54 Pa.Commonwealth Ct. 169, 420 A.2d 774 (1980).

■ The thrust of Claimant's argument is that once he demonstrated that he could no longer work at his former position due to his work-related injury, the burden shifted to Employer to prove the availability of work which he is able to perform, and remand is not in order to allow Employer an opportunity to present evidence which it should have presented during the original hearings. *Blue Ridge Winkler Textiles v. Workmen's Compensation Appeal Board (Van Horn),* 73 Pa.Commonwealth Ct. 71, 457 A.2d 218 (1983). However, in *Inglis House v. Workmen's Compensation Appeal Board (Reedy),* 535 Pa. 135, 634 A.2d 592 (1993), the Pennsylvania Supreme Court rejected this very proposition and held that in a claim petition, the burden of establishing a right to compensation and of proving all necessary elements to support an award rests with the claimant.

The claimant in *Inglis House* filed a claim petition seeking benefits and the referee conducted hearings at which both sides presented evidence. Before the referee rendered his decision, the employer petitioned to reopen the record to present evidence regarding its discovery that the claimant had returned to work and was employed for a period of six months. The referee thereafter granted benefits to the claimant for a closed period and the Board reversed. The Supreme Court reversed this Court's decision affirming the Board and reinstated the referee's decision reasoning that this Court erred in applying the standard set forth in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Constr. Co.),* 516 Pa. 240, 532 A.2d 374 (1987), as it had the effect of bifurcating the proceedings into a claim petition and modifica-

tion petition and improperly shifting the burden of proof to the employer.

The only matter before the referee in the case sub judice was Claimant's claim petition.[3] Therefore, and in accordance with *Inglis House*, Claimant had the burden to prove the existence and continuation of a work-related injury which resulted in a loss of earning power until the referee rendered a decision in the matter. Since Claimant's initial challenge to the Board was that the referee's Finding of Fact No. 16 was not based upon sufficient competent evidence and does not support the conclusion that Claimant failed to sustain his burden of proof, the Board did not err in remanding the case for additional evidence regarding Claimant's loss of earning power. Moreover, Claimant's argument that Employer failed to meet its burden to prove that work was available under the standards set forth in *Kachinski* is likewise without merit because Employer was not required to produce evidence of job availability. *See Inglis House*.[4]

■ When the burden is on a claimant to prove an injury in the course of employment, surveillance films are properly admitted for the purpose of impeaching the claimant's testimony and/or the claimant's evidence. *Westinghouse Elec. Corp. v. Workmen's Compensation Appeal Board (McClave)*, 129 Pa.Commonwealth Ct. 218, 565 A.2d 204 (1989); *Kope v. Workmen's Compensation Appeal Board (Borg Warner*

3. After the case was remanded to the referee, Employer filed a petition seeking a modification of Claimant's compensation as of August 10, 1990 on the basis of an overpayment of $25,362.10 in compensation. However, contrary to Employer's contentions in its brief that the referee granted its modification petition, that petition was the subject of a separate proceeding and decision and is not before the Court in this appeal.

4. Claimant argues that despite the Board's affirmation of the referee's previous findings that Claimant was disabled and had no receipt of wages, he found in his second decision that Claimant worked as an automobile mechanic and received wages of $280 per week. However, upon review, the referee did not disobey the remand order or make findings beyond the scope of that order, as he did not disturb in his second decision the earlier finding regarding Claimant's disability, and the finding that Claimant had not received wages was the very finding vacated by the Board and remanded for additional evidence.

*Corp.),* 98 Pa.Commonwealth Ct. 341, 510 A.2d 1294 (1986); *Isadore v. Workmen's Compensation Appeal Board (Owens–Illinois),* 77 Pa.Commonwealth Ct. 346, 465 A.2d 1096 (1983). While films alone are not sufficient to satisfy a party's burden in a workers' compensation case, such evidence is admissible for the purpose of establishing facts. *John B. Kelly Co., Inc. v. Davis,* 8 Pa.Commonwealth Ct. 589, 303 A.2d 255 (1973).

■ Claimant contends that the surveillance films were improperly relied upon by the referee because Employer did not present any medical evidence to support the films. As previously stated, this is not a case wherein the employer had the burden to establish that a claimant's disability ceased or was reduced which would require an employer to present medical evidence to satisfy its burden. *Westinghouse Elec. Corp.* On the contrary, Claimant had the burden of proof and the films were admissible to impeach his credibility and establish that he was actually engaged in employment.

■ Claimant further contends that the Board must view the films in order to effectuate a proper review of his appeal, and the Board failed to indicate in its decisions whether it in fact reviewed the films. This Court has recognized that the Board commits an error of law when it fails to review surveillance films as it cannot fulfill its statutorily mandated duty without the benefit of the entire record. *John Curry, Inc. v. Workmen's Compensation Appeal Board (Adams),* 97 Pa.Commonwealth Ct. 127, 508 A.2d 1317 (1986). However, in *John Curry, Inc.,* this Court held that a remand to the Board for review of surveillance films is not warranted because the Board's error in not reviewing the entire record is harmless when the record contains substantial evidence to support the referee's findings without consideration of the films.

In addition to the films here, Employer presented Department of Transportation records and a Pennsylvania State Police Official Inspection Station Supervisor's Report which indicate that Claimant was certified as a state inspection mechanic and was listed as a mechanic for Umbriac's garage during the relevant time frame. The supervisor's report

contains Claimant's signature and indicates that he is a partner at the garage, and Claimant admitted that he spent a great deal of time at the garage as indicated. Therefore, even if the Board failed to view the films, a remand is not warranted because the Board's failure constitutes harmless error as the record contains substantial evidence independent of the films to support the referee's finding that Claimant worked as an automobile mechanic from August 1986 to February 1990.

■ Claimant maintained throughout the proceedings that he did not receive any wages, which the referee explicitly found not credible, and he presented no evidence of earnings. Nevertheless, Claimant's final argument is that the referee erred in his wage computations because he failed to apply Section 309 of the Act, 77 P.S. § 582, and instead relied upon the testimony of Employer's vocational expert in order to compute Claimant's wages. Section 309 provides the formulas to compute wages for purposes of determining compensation based upon a claimant's earnings.[5] The record contains no evidence of Claimant's actual earnings at the garage; and since the testimony of Employer's vocational expert regarding wages in the Hazleton area during the relevant time frame constitutes substantial evidence to support the referee's finding of fact regarding Claimant's earning power, the referee did not err in computing Claimant's compensation based upon the earning power established by Employer's vocational expert. Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 20th day of May, 1994, the order of the Workmen's Compensation Appeal Board is affirmed.

5. Specifically, Section 309 provides in relevant part:
   Wherever in this article the term "wages" is used, it shall be construed to mean the average weekly wages of the employe, ascertained in accordance with rules and regulations of the department as follows:
   (a) If at the time of the injury the wages are fixed by the week, the amount so fixed shall be the average weekly wage....