Spectrum Arena, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Luciana Valentine, Respondents.

Submitted on briefs, March 10, 1980, to President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Richard S. March,* of counsel, *Galfand, Berger, Senesky, Lurie and March,* for petitioner.

*Bruce W. Miller, Silver & Miller, P.C.,* for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 15, 1980:

This is an appeal by Spectrum Arena, Inc. from an order of the Workmen's Compensation Appeal Board affirming the referee's decision to set aside a Final Settlement Receipt and continue the total disability compensation of claimant Luciana Valentine.

On June 11, 1974 the claimant sustained a lower back sprain in the course of her employment as a cleaning woman at the Spectrum Arena. She collected compensation for the period from June 11, 1974 to October 29, 1974, when she returned to work. On October 30, 1974 she executed a Final Settlement Receipt. The claimant attempted to assume lighter duties, but stopped on November 3, 1974 complaining of back pains. She remained on leave without pay until December 18, 1974, when she again attempted to resume working. She continued on the job until January 27, 1975 when she stopped working, complaining of back pains, and did not return.

On June 28, 1976 the referee granted the claimant's petition to set aside the Final Settlement Receipt, finding that she was still totally disabled from the previous work injury. As a result the claimant was awarded total disability benefits, from October 30, 1974 into the indefinite future. The employer was

given appropriate credit to reflect the wages paid during the time claimant had returned to work.

The appellant-employer appealed; and the Board granted a remand to give the employer "one more opportunity to present medical evidence in support of their claim."

On remand, the "medical" evidence presented by the employer was a filmed surveillance of some of the claimant's activities in the months of April, May and June 1976. The film was offered to rebut the claimant's testimony that she stayed in the house 24 hours a day and did no shopping or visiting during that period. Apparently, the films showed the claimant to occasionally leave her home to go shopping and return with a shopping bag of groceries or to go visit neighbors.

The referee expressly stated that he was not persuaded by the film to change his initial determination, and thus republished his original findings of fact and conclusions of law. The Board affirmed the referee and dismissed the employer's appeal.

The appellant contends that the referee "capriciously disregarded" the film. We disagree. By the appellant's own admission below, the film captured only various portions of the total time the claimant was under observation. Furthermore, given the appellant's characterization of what the film depicts, it could at best rebut only a small portion of the claimant's testimony, assuming that testimony to be relevant. It is well settled that the credibility and weight of evidence in a workmen's compensation proceeding is for the referee to determine; and that applies to medical evidence as well. *E.g., Mauchly Associates v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 296, 325 A.2d 496 (1974); *Pomeroy's Inc. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 270, 325 A.2d 349 (1974). Ap-

plying that rule to the film evidence in this case, we will not say there was a "capricious disregard" of that evidence. The important evidence in this case was the testimony of the claimant's orthopedic surgeon, who testified that claimant could not return to a job that required her to engage in physical activity for a long period of time. Given the appellant's characterization of what the film depicts, it is difficult to imagine how it is inconsistent with the medical evidence presented by the claimant's doctor.

Accordingly, we affirm the order of the Board.

### ORDER

AND Now, the 15th day of May, 1980, the order of the Workmen's Compensation Appeal Board, dated March 15, 1979, granting benefits to Luciana Valentine is affirmed.

It is ordered that judgment be entered in favor of Luciana Valentine and against Spectrum Arena, Inc. The defendant Spectrum Arena, Inc. is directed to pay compensation benefits to claimant Luciana Valentine at the rate of $90.00 per week from October 29, 1974 indefinitely into the future, subject to the provisions of The Workmen's Compensation Act. However, Spectrum Arena, Inc. shall be given appropriate credit for the periods that the claimant worked between October 29, 1974 and January 27, 1975. The above award shall bear interest at the rate of ten per cent (10%) per annum.

Spectrum Arena, Inc. is further directed to pay claimant's medical expenses in the amount of $460.00. That sum shall be delivered to Bruce W. Miller, Esquire, for disbursement to the creditors listed in referee's finding No. 8.

In addition, Spectrum Arena, Inc. is directed to pay the witness fee bill of $200.00 submitted by Dr. Raymond O. Stein.

Out of the claimant's award there shall be payable to Bruce W. Miller, Esquire, a fee of twenty per cent (20%) of all past due and future compensation payable to the claimant. The balance of the award shall be payable directly to the claimant.