George Holshue, Petitioner *v.* Workmen's Compensation Appeal Board (Robideau Express), Respondents.

Submitted on briefs April 6, 1984, to Judges DOYLE, PALLADINO and BARBIERI, sitting as a panel of three.

*Carl Mazzocone, Kates, Livesey & Mazzocone,* for petitioner.

*John P. Knox,* with him, *David R. Weyl, Timoney, Knox, Hasson & Weand,* for respondent, Robideau Express.

OPINION BY JUDGE DOYLE, July 31, 1984:

Before this Court is an appeal by George Holshue (Petitioner) from a decision and order of the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of Petitioner's petition to set aside a final receipt. We affirm.

Petitioner suffered injuries to his lower back and right leg on August 1, 1977, while unloading a trailer of pallets, part of his job as a maintenance man for Robideau Express (Employer). Workmen's compen-

sation benefits were paid for these injuries until May, 1978, at which time a final receipt was executed by Petitioner. Despite signing the final receipt, Petitioner did not return to work. Benefits were renewed on September 1, 1978, and paid until a second final receipt was executed on November 10, 1978. Again Petitioner did not return to work and on July 12, 1979, he filed a petition to set aside his final receipt averring that he continued to suffer total and permanent disability resulting from damage to his knee incurred in his August 1, 1977 accident. Employer filed an answer contesting the petition and referee's hearings were held, at which Petitioner and an orthopedic specialist who had examined him on several occasions, Edgar L. Ralston, M.D., testified to Petitioner's continuing pain, discomfort and inability to return to work as a maintenance man. Employer, in turn, presented the deposition testimony of an orthopedic specialist who had examined Petitioner at the behest of Employer and found him to be free of objective symptomology and capable of returning to work. Also testifying for Employer was Joseph Turner, a private investigator, who presented films he had taken on May 27, 1980 of a man, whom he identified as Petitioner, stooping, kneeling and crawling while repairing a sliding glass door at Petitioner's apartment. Following the hearings, the referee issued a decision denying the petition to set aside the final receipt. On appeal the Board, without taking additional evidence, affirmed. The appeal to this Court followed.

It is axiomatic that, to have a petition to set aside a final receipt granted, the petitioner must establish by clear and convincing evidence that all disability attributable to the prior work related injury had not terminated at the point in time when the final receipt was executed. *Sihelnik v. Workmen's Compensation*

*Appeal Board (National Sugar Refining Co.)* 74 Pa. Commonwealth Ct. 278, 459 A.2d 895 (1983). And where, in a case such as this, the decision of the referee is contrary to the petitioner and the Board has affirmed without taking additional evidence, this Court's scope of review is limited to determining whether the necessary findings of fact are mutually consistent and also consistent with the conclusions of law and whether there was a capricious disregard of competent evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). In conducting our review, this Court must afford the benefit of the most favorable inferences to be drawn from the evidence to the party which prevailed below. *Id.*

In his appeal, Petitioner first asserts that the referee, in finding of fact 6, wrongfully attributed to him the burden of proving that he has sought employment which is compatible with his condition. Finding of fact 6 reads:

> The Referee finds that Mr. Holshue has not made good faith efforts to secure employment since August 1, 1977. On May 3, 1978 he made one effort to secure light work with his former employer. Apart from that he merely testified that "unemployment in New Jersey had no light work" for him.

While true that it is not part of a petitioner's burden in a case like this to establish that he has sought employment, after a thorough review of the record this Court is convinced that the above finding does not signify an error of law on the part of the referee in making his decision. At most, it is indicative of some of the factors which contributed to the referee's assessment of Petitioner's credibility, or lack thereof,

in this matter and we hence reject any assignment of error as to this finding.

The next challenge by Petitioner herein pertains to a finding by the referee in which he drew a negative inference from Petitioner's failure to present testimony by the two physicians who treated him and referred him to Dr. Ralston, or to explain why it was not available. Petitioner argues that, inasmuch as the two doctors concerned, Eckbold and Brown, live and practice in New Jersey, they are not subject to subpoena and therefore were not under Petitioner's control and it was thus improper to draw such an inference. Section 422 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §835, however, explicitly permits deposition testimony in instances where a witness resides outside the Commonwealth. At no point below did Petitioner indicate why he did not or could not obtain such depositions from the physicians, despite the integral role they played in Petitioner's account of his treatment subsequent to the filling out of the second final receipt. Accordingly, it was *permissible,* albeit not required, for the referee to draw the inference that, had the testimony of the doctors been adduced, it would have been unfavorable to Petitioner. *Ferne v. Chadderton,* 363 Pa. 191, 69 A.2d 104 (1949) ; *United States Steel Corp. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 247, 309 A.2d 842 (1973) ; *Sorby v. Three Rivers Motors,* 178 Pa. Superior Ct. 187, 114 A.2d 347 (1955).

Petitioner also challenges those findings of the referee, as made in capricious disregard of the evidence, wherein he rejects the testimony of Dr. Ralston regarding Petitioner's knee injury as being equivocal and accepts that of Employer's physician

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

to the effect that Petitioner was not disabled. Where, as here, the Board has not taken additional evidence, it is the exclusive province of the referee to decide questions of credibility and resolve conflicts in the evidence presented. *Crouse v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981). In exercising such a prerogative, the referee is free to "accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Bowes v. Inter-Community Action, Inc.*, 49 Pa. Commonwealth Ct. 612, 618, 411 A.2d 1279, 1281 (1980). With respect to the testimony of Dr. Ralston, he did indeed state "[i]n my opinion, the sprain [of his knee] and the disability that he [Petitioner] has exhibited is related to the injury that he incurred in 1977." Dr. Ralston also consistently referred to the sprain as, at least, one of the causes of Petitioner's alleged disability, even when discussing the complications of a cyst of unknown origin which he discovered on Petitioner's knee in February, 1981.[2] Thus, we are constrained to agree with Petitioner that the referee's finding that Dr. Ralston's testimony was equivocal was in error. Notwithstanding such a determination, however, the referee was still free to reject Dr. Ralston's testimony, and in the face of his explicit acceptance of the conflicting testimony of Employer's physician, which our review of the record discloses to be equally unequivocal in its conclusions that Petitioner was not disabled and was capable of returning to his former job, we conclude

---

[2] The Board's decision places a mysterious emphasis on the fact that the cyst was not established as being related to the employment injury. In actuality, this was irrelevant to the instant proceedings. Since the referee's decision was, on the whole, generally affirmed by the Board, there was sufficient review to permit us to proceed, especially inasmuch as the scope of review of both the Board and this Court is identical in these circumstances.

that there has been neither reversible error on other grounds nor a capricious disregard of competent evidence. *See Cox v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981).

Finally before us is a challenge to the surveillance films of Petitioner. He asserts that the referee erred "by relying in his decision on the incompetent evidence presented by an investigator [Mr. Turner] . . . who showed films of an unidentified individual whose face never appeared on the film . . . ." We disagree. Surveillance films, even when taken without the consent of the subject, may be used as evidence for the purpose of establishing facts in a workmen's compensation case. *Isadore v. Workmen's Compensation Appeal Board (Owens-Illinois),* 77 Pa. Commonwealth Ct. 346, 465 A.2d 1096 (1983). In the case at bar, while we are not presented with the film itself, even assuming the subject's face is not visible, the fact remains that Mr. Turner testified that the person in the film was identified by himself at that time as Petitioner. The credibility and weight to be afforded Mr. Turner's identification are matters for the referee and there was no capricious disregard in his rejection of Petitioner's attempt to rebut the film evidence by testifying that all maintenance at the apartment was done by the landlord's staff. *See Spectrum Arena, Inc. v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 381, 414 A.2d 445 (1980).

Accordingly, the denial of Petitioner's petition to set aside his final receipt is affirmed.

## ORDER

Now, July 31, 1984, the decision and order of the Workmen's Compensation Appeal Board in the above captioned matter, dated April 7, 1983, A-84328, is hereby affirmed.