623 A.2d 422

**Meropi ANTONIADIS, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (CAMIL OLIMAC, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 29, 1993.

Decided March 12, 1993.

Alvin C. Krantz, for petitioner.

Charles S. Katz, Jr., for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Meropi Antoniadis (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) that affirmed the referee's denial of benefits. We affirm.

Camil Olimac, Inc. (Employer) employed Claimant as a salesperson. Claimant testified that, on April 16, 1988, she injured her lower back while vacuuming Employer's premises. Claimant filed a claim petition for workmen's compensation

benefits, alleging that her lower back injury resulted in total, ongoing disability.

The referee denied benefits, finding that Claimant had failed to present any credible evidence of disability resulting from the alleged accident. The Board affirmed and Claimant appeals [1] arguing: (1) that the referee's findings of fact are not supported by substantial evidence; and (2) that the referee committed an error of law by drawing an adverse inference from Claimant's failure to produce the testimony of her original treating physician.

Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1), defines injuries arising in the course of employment as "injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere...." The Act places the burden on the claimant to prove the existence of disability resulting from an employment-related injury. *McGarry v. Workmen's Compensation Appeal Board (James D. Morrissey)*, 146 Pa.Commonwealth Ct. 594, 606 A.2d 648 (1992).

■ Claimant alleges disability from an employment-related back injury. As proof of her claim of disability, Claimant presented the deposition testimony of Steven Mandel, M.D., a neurologist, and Cory K. Ruth, M.D., an orthopedic surgeon. Both of these physicians testified that Claimant suffered from herniated and bulging discs, along with a nerve root encroachment, directly related to the alleged accident.

However, to refute these claims, Employer presented the deposition testimony of Leonard Klinghoffer, M.D., an orthopedic surgeon. Dr. Klinghoffer examined Claimant and reviewed her medical records, which included the results of a CT scan and an MRI study conducted near the time of Claimant's alleged accident. Dr. Klinghoffer's examination of Claimant

1. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether the adjudication was in accordance with law and whether the referee's findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

found no muscle atrophy, normal reflexes and normal neurological tests. These findings directly contradicted the testimony of disability offered by Dr. Ruth and Dr. Mandel. With regard to whether Claimant suffered from a disabling, employment-related back injury, Dr. Klinghoffer testified thus:

Q: This woman told you in her history that she considered herself disabled. Did you find any pathology that would prevent her from returning to whatever sort of work she was doing before this incident of April 16, 1988?

A: I did not find anything abnormal except for that patch of abnormal sensation in her thigh. That I did not believe should disable her from working.

Q: In your opinion, was this woman disabled at the time of your examination?

A: I did not think so.

(R.R. Pp. 44a–45a.)

The referee chose to accept the testimony of Dr. Klinghoffer as credible, specifically rejecting the opinions of Claimant's medical witnesses. It has long been recognized that the referee acts as factfinder with regard to credibility determinations. As judge of credibility, the referee may accept or reject, in whole or in part, any testimony of any witness including that of medical witnesses. *Ruhl v. Workmen's Compensation Appeal Board (Mac–It Parts, Inc.)*, 148 Pa.Commonwealth Ct. 294, 611 A.2d 327 (1992). The referee exercised permissible discretion in accepting Dr. Klinghoffer's opinion of Claimant's alleged disability.

Substantial evidence exists if the record reflects sufficient relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gonzalez v. Workmen's Compensation Appeal Board (Penn Pad Co.)*, 143 Pa.Commonwealth Ct. 177, 598 A.2d 650 (1991). Dr. Klinghoffer's testimony provides substantial evidence that Claimant suffered no disabling, employment-related injury. Therefore,

Claimant may receive no compensation under the Act.[2]

■   Claimant's second argument is that the referee committed an error of law by drawing an adverse inference from Claimant's failure to produce the testimony of her original treating physician.   In *Holshue v. Workmen's Compensation Appeal Board (Robideau Express)*, 84 Pa.Commonwealth Ct. 253, 479 A.2d 42 (1984), the claimant failed to present the testimony of two medical witnesses, despite the integral role they played in his treatment.  This Court concluded it permissible, albeit not required, for the referee to draw the inference that, had the testimony of the physicians been adduced, it would not have been favorable to the claimant.

In the case before us, Claimant's family physician provided the exclusive care for Claimant for almost five months after the alleged accident.  Claimant's family physician conducted all of Claimant's initial treatment and ordered the CT scan and the MRI study.  In light of the integral role played by this physician in terms of Claimant's early treatment, and based on our holding in *Holshue,* we hold that the referee could draw an adverse inference in Claimant's failure to produce the testimony of this witness.

Accordingly, we affirm.

## ORDER

AND NOW, this 12th day of March, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

■

---

**2.**  Dr. Klinghoffer did not examine Claimant until June 13, 1990, more than two years after the alleged accident.  Claimant argues that this means that the testimony of her medical witnesses remains uncontradicted for the period of time between April 16, 1988 and June 13, 1990, and that this "proves" her disability for at least that period of time.  We find this argument meritless.  Contrary to Claimant's assertions, Dr. Klinghoffer did render an opinion as to Claimant's medical condition prior to the time he saw her, based on the CT scan and MRI study performed shortly after Claimant's alleged injury.