# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Soto,                                     :
               Petitioner            :
                                    :
              v.                       : No. 611 C.D. 2015
                                    : Submitted: August 28, 2015
Workers' Compensation  Appeal     :
Board (Price Chopper                 :
Operating Co. of PA.),              :
              Respondent       :

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                      **FILED:  November 24, 2015**

John Soto (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision and order of a Workers' Compensation Judge (WCJ) denying a claim petition filed by Claimant against Price Chopper Operating Company of Pennsylvania (Employer).  For the reasons that follow, we affirm.

Claimant filed the claim petition on March 20, 2012 alleging that he suffered an injury to his back on January 1, 2011 while working for Employer as a meat cutter, as a result of lifting weight up to 150 pounds and constant bending and twisting.  In a May 2, 2012 hearing, Claimant amended the claim petition to reflect

the date of injury as October 27, 2010. Employer filed a timely answer denying the material allegations of the claim petition.

In a hearing before the WCJ on the claim petition, Claimant testified that his work as a meat cutter involved a considerable amount of heavy lifting, bending, cutting and wrapping meat and breaking down loads. (June 6, 2012 Hearing Transcript (H.T.) at 7, Reproduced Record (R.R.) at 35a.) Claimant testified that, on October 27, 2010, while attempting to lift a 190 pound box of bone-in pork, he felt a sharp pain going from his back to his groin and he immediately reported the injury to his manager, and then to one of the store managers, Laura Swanson. (*Id*. at 7-9, R.R. at 35a-37a.) Claimant testified that a few weeks after the injury he sought treatment with a chiropractor, Edward Hartey, D.C., when his wife asked him to accompany her to an appointment she had with Dr. Hartey. (*Id*. at 10, R.R. at 38a.) Claimant stated that he also has been treating with Yasin Khan, M.D., a pain management specialist, who has performed injections and prescribed medications in order to alleviate the symptoms and provide pain relief. (*Id*. at 12-14, 20, R.R. at 38a-40a, 48a.) Claimant testified that he was still working for Employer at the time of the hearing, but only for 5 to 10 hours per week, down from 25 to 35 hours prior to the accident, and that his ability to work as a meat cutter is limited because he is unable to bend or lift anything heavy, he cannot stand for long periods, his back tightens and he experiences numbness in his right thigh and pain radiating from his right lower back to his groin. (*Id*. at 8, 15-20, R.R. at 36a, 43a-48a.) Claimant also stated that he was told that his hours were reduced because there was less work but he believed that his hours had been distributed to co-workers. (*Id*. at 17, R.R. at 45a.)

2

Claimant testified that, prior to October 27, 2010, he had experienced some back spasms that did not affect his mobility but that after the work injury his condition worsened and his mobility was significantly affected. (*Id*. at 9-11, R.R. at 37a-39a.) On cross-examination, however, Claimant acknowledged that he stated on forms that he filled out during his first appointment with Dr. Hartey that his condition was not the result of a work injury, that he had not filled out an injury report and that his symptoms arose the day before the visit when he could not get up. (*Id*. at 32-35, R.R. at 60a-63a; Hartey Dep. Ex. 1, R.R. at 175a-176a.) Claimant also acknowledged that he had informed Dr. Hartey, as reflected in a patient history recorded by Dr. Hartey, that he had experienced back spasms that brought him to his knees "on and off for years." (June 6, 2012 H.T. at 35-37, R.R. at 63a-65a; Hartey Dep. Ex. 1, R.R. at 191a.)

Claimant presented the testimony of Dr. Hartey, who testified that during his first examination on November 12, 2010, Claimant stated that he suffered low back pain, muscle spasms, shooting pain and lock ups, with the last lock up occurring two to three months prior to that visit. (Hartey Dep. at 5-6, R.R. at 148a-149a.) Dr. Hartey provided multiple treatments to Claimant over the ensuing months as the result of acute flare-ups and ordered two MRIs, which showed degenerative spondylosis of the lumbar spine and mild central canal stenosis, foraminal narrowing and disc degeneration at levels L4-L5 and L3-L4. (*Id*. at 8-10, 22, R.R. at 151a-153a, 165a.) Regarding a diagnosis of Claimant, Dr. Hartey indicated that Claimant was a "complicated case" and that the degenerative nature of his lumbar spine was consistent with the manifestation of pain that would come and go. (*Id*. at 11, R.R. at 154a.) When asked whether Claimant's work as a meat cutter played a role in his injury, Dr. Hartey stated that he felt that "the

3

manual nature of his job could certainly have affected his low back." (*Id*. at 12-13, R.R. at 155a-156a.) Dr. Hartey acknowledged that he had not placed any restrictions on Claimant's ability to work. (*Id*. at 13, R.R. at 156a.) Dr. Hartey also stated that Claimant's wife did not have an appointment on November 12, 2010, the date of Claimant's first appointment. (*Id*. at 15, R.R. at 158a.)

Claimant also presented the testimony of Dr. Khan, who is board-certified in anesthesiology and pain management and who first treated Claimant on May 31, 2011. (Khan Dep. at 4-6, R.R. at 85a-87a.) Dr. Khan testified that Claimant provided a history of severe, continuous back pain along with intermittent radicular pain from the lower back to the right hip and Claimant reported that the pain had been present for the last two to three years and worsened as a result of his job. (*Id*. at 7, R.R. at 88a.) Based on his review of the MRI reports, a discography and the physical examination of Claimant, Dr. Khan concluded that Claimant had a disc bulge at L3-L4, a disc herniation at L4-L5, lumbar facet disease, fibromyositis and radicular pain on his right side as a result of nerve irritation. (*Id.* at 8-10, 17, 20, R.R. at 89a-91a, 98a, 101a.) Dr. Khan provided treatment including epidural injections, facet injections and a lumbar rhizotomy and prescribed Claimant narcotic and anti-inflammatory medications. (*Id.* at 10-20, R.R. at 91a-101a.) When asked about the cause of Claimant's symptoms, Dr. Khan testified that "the type of job he does exacerbates his symptoms on probably a daily basis because he's lifting, twisting, turning, doing all this, heavy lifting, that's not helping his condition." (*Id*. at 21, R.R. at 102a.)

On cross-examination, Dr. Khan stated that Claimant had not indicated that he had suffered an acute work event that precipitated the back pain. (*Id*. at 25, R.R. at 106a.) Dr. Khan acknowledged that, on an intake form where

4

the patient is asked to select whether the condition was a result of a work injury, motor-vehicle accident or no known cause, Claimant circled both work injury and no known cause and wrote that the pain had been going on for many years and worsened due to his job. (*Id*. at 22, Ex. 5, R.R. at 103a, 142a.) Dr. Khan further acknowledged that on another intake form Claimant did not indicate that his condition was caused by either a work injury or an automobile accident but instead circled other and next to that wrote "ongoing pain." (*Id*. at 24, R.R. at 105a.)

Employer presented the testimony of Laura Swanson, a store co-manager at Employer, and Thomas DiBenedetto, M.D., who performed an independent medical evaluation (IME) on Claimant on July 10, 2012. Swanson testified that on October 27, 2010 she was working in Claimant's store and Claimant reported to her that he injured his groin while lifting a heavy box; Swanson denied that Claimant ever said that he had injured his back. (Swanson Dep. at 5-6, R.R. at 205a-206a.) Swanson testified that when Claimant reported the injury to her, she entered the report into Employer's computer system and this report reflects that Claimant felt a sharp pain in his lower stomach or groin area and does not mention any injury to Claimant's back. (*Id*. at 6, 10-12, R.R. at 206a, 210a-212a; Ex. D-1, Form LIBC-344, Employer's Report of Occupational Injury or Disease.) Dr. DiBenedetto, who is board certified in orthopedic surgery, testified that based on his IME of Claimant, review of medical records and the history he took from Claimant, he did not believe that Claimant had sustained an acute injury to his back on October 27, 2010 or that he had suffered an accumulative-type injury as a result of his work with Employer. (DiBenedetto Dep. at 4, 16-17, R.R. at 223a, 235a-236a.) Dr. DiBenedetto allowed that Claimant's records showed that he had mild degenerative disease in his spine, but

that his symptoms were far out of proportion to his MRI reports. (*Id*. at 18-20, R.R. at 237a-239a.) Dr. DiBenedetto further testified that if Claimant had injured his groin on October 27, 2010 he would have recovered by the date of the IME. (*Id*. at 18, R.R. at 237a.)

In an April 24, 2013 decision and order, the WCJ concluded that Claimant failed to meet his burden and denied the claim petition. (WCJ Decision and Order, Finding of Fact (F.F.) ¶35, Conclusion of Law (C.L.) ¶2.) The WCJ rejected Claimant's testimony as not credible, specifically noting that Claimant's statement that he reported a lower back injury to Employer was contrary to responses in questionnaires provided to his medical providers and Swanson's testimony, which the WCJ accepted as credible. (*Id*., F.F. ¶¶30-31.) The WCJ also noted that Claimant's statement that he accompanied his wife to her appointment on the date of his first treatment with Dr. Hartey was contradicted by Dr. Hartey's testimony that Claimant's wife did not have an appointment on the day of Claimant's first visit. (*Id*., F.F. ¶31.)

Regarding the medical evidence, the WCJ found that the testimony of Dr. Hartey and Dr. Khan were too indefinite to provide unequivocal medical evidence of a causal relationship between the work incident and disability that is required to substantiate a claim petition in cases where the causal relationship is not obvious. (*Id*., F.F. ¶32.) Furthermore, the WCJ rejected the opinions of Dr. Hartey and Dr. Khan on the grounds that they were not consistent with Claimant's account that the injury was the result of a single work incident and the oral statements and questionnaire responses by Claimant that indicated that he had suffered acute flare-ups both before and after the date of the alleged work injury. (*Id*.) The WCJ found the testimony of Dr. DiBenedetto as more credible and

6

persuasive than that of Dr. Hartey and Dr. Khan because Dr. DiBenedetto's opinion that Claimant did not suffer a lower back injury on October 27, 2010 was consistent with the medical records showing a pre-existing condition. (*Id*., F.F. ¶¶32-33.) The WCJ also accepted as persuasive Dr. DiBenedetto's opinion that Claimant did not suffer a cumulative work-related injury to his lower back and found no evidence of record to support a finding that Claimant suffered a groin injury on October 27, 2010. (*Id*., F.F. ¶¶33-34.)

The Board affirmed the denial of the claim petition in a March 17, 2015 opinion and order, concluding that the WCJ's findings were supported by substantial evidence and that Claimant was unable to meet his burden of proof because the WCJ accepted the testimony of Dr. DiBenedetto as credible and did not accept the testimony of Dr. Hartey and Dr. Khan. (Board Opinion at 2, 8.) The Board did not agree with the WCJ that Dr. Khan's testimony that Claimant's work "exacerbates his symptoms on probably a daily basis because he's lifting, twisting, turning, doing all this, heavy lifting, that's not helping his condition" (Khan Dep. at 21, R.R. at 102a) was equivocal medical evidence of the cause of Claimant's injury. (Board Opinion at 8.) However, the Board noted that this error was harmless because the WCJ rejected Dr. Khan's testimony for other reasons and also accepted the testimony of Dr. DiBenedetto as more credible and persuasive than that of Dr. Khan. (*Id*. at 8.) Claimant petitioned this Court for review of the Board's opinion and order.[1]

---

[1] Our review of an appeal from a determination by the Board is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence or whether constitutional rights were violated. 2 Pa. C.S. § 704; *Dougherty v. Workers' Compensation Appeal Board (QVC, Inc.)*, 102 A.3d 591, 594 n.4 (Pa. Cmwlth. 2014).

On appeal, Claimant argues that the WCJ's decision denying the claim petition is contrary to the evidence and substantial evidence exists to support a conclusion that Claimant suffered a compensable, work-related injury to his lower back.[2]  In a claim petition under the Workers' Compensation Act,[3] the claimant has the burden of proving all elements necessary to support an award of benefits, including demonstrating that the injury was causally related to the claimant's employment. *Inglis House v. Workmen's Compensation Appeal Board (Reedy),* 634 A.2d 592, 595 (Pa. 1993); *Coyne v. Workers' Compensation Appeal Board (Villanova University),* 942 A.2d 939, 945 (Pa. Cmwlth. 2008).  Where there is no obvious causal relationship between the injury and the alleged work-related cause, the claimant must establish causation through unequivocal medical evidence. *Wagner v. Workers' Compensation Appeal Board (Ty Construction Co., Inc.)*, 83 A.3d 1095, 1098 (Pa. Cmwlth. 2014); *Degraw v. Workers' Compensation Appeal Board (Redner's Warehouse Markets, Inc.),* 926 A.2d 997, 1000 (Pa. Cmwlth. 2007).

In workers' compensation matters, we review the evidence in the light most favorable to the party who prevailed before the WCJ, who is the ultimate finder of fact and has exclusive authority over questions of credibility and evidentiary weight. *School District of Philadelphia v. Workers' Compensation Appeal Board (Hilton)*, 117 A.3d 232, 246 (Pa. 2015); *A & J Builders, Inc. v.*

---

[2] In the summary of argument section of his brief, Claimant also asserts that the WCJ mischaracterized the testimony of Employer's witnesses and misstated the testimony of his treating doctors. (Claimant Br. at 15.)  However, Claimant does not indicate in what manner the WCJ mischaracterized or misstated the testimony of these witnesses and Claimant does not elaborate on these arguments in the main argument section of his brief.  We therefore do not address these arguments.

[3] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

*Workers' Compensation Appeal Board (Verdi)*, 78 A.3d 1233, 1238-39 (Pa. Cmwlth. 2013). The WCJ is free to accept or reject any testimony, in whole or in part, and to resolve conflicts in the evidence. *Hilton*, 117 A.3d at 246; *Westmoreland County v. Workers' Compensation Appeal Board (Fuller)*, 942 A.2d 213, 216 n.6 (Pa. Cmwlth. 2008). We will not disturb the WCJ's findings where they are supported by substantial evidence, which has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ryan v. Workmen's Compensation Appeal Board (Community Health Services),* 707 A.2d 1130, 1134 (Pa. 1998); *Fuller*, 942 A.2d at 216 n.6.

Upon review of the evidentiary record before the WCJ, we conclude that the WCJ's decision denying the claim petition was supported by substantial evidence. The WCJ rejected the testimony of Claimant's medical witnesses, Dr. Hartey and Dr. Khan, as not credible, while accepting the testimony of Dr. DiBenedetto as more credible and persuasive. The WCJ explained its rationale for these credibility determinations, noting specifically that Dr. Hartey's and Dr. Khan's explanations of Claimant's injuries were not consistent with information Claimant provided to them and that Dr. DiBenedetto's testimony was consistent with the medical records. Furthermore, the WCJ rejected Claimant's testimony that he had not had a history of back issues prior to the alleged work incident as inconsistent with statements made to his doctors and rejected Claimant's testimony that he reported a lower back injury as inconsistent with Swanson's testimony and the contemporaneous report that she filled out. These findings are conclusive on appeal and therefore Claimant could not meet his burden of proof to show that he had suffered a compensable work injury. Because the findings of the WCJ are supported by the evidence of record, we need not inquire as to whether there is

9

evidence to support contrary findings. *Fuller*, 942 A.2d at 216 n.6; *Stevens v. Workers' Compensation Appeal Board (Consolidation Coal Co.)*, 720 A.2d 1083, 1084 (Pa. Cmwlth. 1998) *aff'd,* 760 A.2d 369 (Pa. 2000).

We also agree with the Board that the WCJ erroneously found that Dr. Khan's opinion regarding the causation of Claimant's work injury was equivocal but that this error was harmless. The WCJ did not reject the testimony of Dr. Khan solely for the reason that Dr. Khan's opinion was equivocal; the WCJ also found Dr. Khan not credible because his testimony was not consistent with Claimant's account of a specific incident on October 27, 2010 and the medical forms Claimant filled out that indicate that Claimant's condition was not work-related and that he suffered symptoms prior to October 27, 2010. Where a WCJ erroneously rejects medical testimony on the basis that it is equivocal but also rejects the testimony as not credible for independent reasons, the error is not reversible. *US Airways v. Workers' Compensation Appeal Board (Johnston)*, 713 A.2d 1192, 1195 (Pa. Cmwlth. 1998); *Holshue v. Workmen's Compensation Appeal Board (Robideau Express)*, 479 A.2d 42, 44-45 (Pa. Cmwlth. 1984).

Accordingly, the order of the Board is affirmed.


_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Soto,                                         :
                Petitioner             :
                                      :
               v.                      : No. 611 C.D. 2015
                                        :
Workers' Compensation  Appeal     :
Board (Price Chopper                      :
Operating Co. of PA.),                      :
                Respondent           :

## **O R D E R**

AND NOW, this 24th day of November, 2015, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge