Reverend William Kantner, substituted party for Anna Kantner, Deceased, widow of William J. Kantner, Deceased, Petitioner *v.* Reading Anthracite Company and Lackawanna Casualty Company, Respondents.

Argued February 8, 1980, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*Stephen P. Ellwood,* with him *Lester Krasno,* for petitioner.

*Joseph Lach,* with him *James E. Pocius* of *Lenahan, Dempsey & Piazza,* for respondents.

OPINION BY JUDGE MENCER, April 11, 1980:

Anna Kantner (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying her fatal claim petition for the death of her husband (decedent), allegedly from anthracosilicosis contracted as a result of his employment with the Reading Anthracite Company (employer). We affirm.

Claimant first argues that the decision of the referee is not supported by competent evidence. Employer presented the expert testimony of Dr. R. E. Hobbs, who unequivocally opined that decedent's death was not caused by anthracosilicosis but by other nonrelated causes. Although claimant presented contrary medical evidence, the referee chose to accept employer's expert, as he is entitled to do. *Aluminum Co. of America v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 33, 380 A.2d 941 (1977). We

cannot say on this record that the referee capriciously disregarded competent evidence. *Gateway Coal Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 608, 388 A.2d 1122 (1978).

Claimant argues, however, that the Board erred in permitting Dr. Hobbs to testify, since the doctor had previously testified as an *impartial* physician in decedent's lifetime claim for total disability benefits and that to allow his testimony in this case as a witness for employer was "ethically improper." We disagree

A fatal claim petition is a separate action from a lifetime claim, since one seeks to determine cause of death while the other attempts to delineate the cause and degree of a disability.[1] *Compare Harmar Coal Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 98, 381 A.2d 215 (1977), *with Scranton Garment Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 190, 381 A.2d 210 (1977). *See Consolidation Coal Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978). Dr. Hobbs' testimony here was limited to his opinion as to the cause of death of decedent and was subject to cross-examination. Claimant cannot complain here of being prejudiced, since Dr. Hobbs was clearly not testifying as an impartial witness. We find nothing improper, either ethically or legally, in allowing Dr. Hobbs to testify.

Claimant next argues that he was unduly restricted in his cross-examination of Dr. Hobbs, since the referee refused to allow claimant to question the doctor regarding claimant's theory that Dr. Hobbs, after getting a "gut feeling" about a claimant's condition, refers the claimant to a hospital that will confirm his

---

[1] The referee, in allowing Dr. Hobbs to testify, clearly recognized that "the lifetime claim, and the fatal claim are two separate actions."

analysis, thereby demonstrating bias. The right to limit cross-examination, however, is within the sound discretion of the referee and will not be overturned, absent an abuse of discretion or injury to the party. *First National Bank of Pike County v. Department of Banking,* 7 Pa. Commonwealth Ct. 603, 300 A.2d 823 (1973). Given the tenuous nature of claimant's argument, we are not persuaded that this sole limitation on claimant's otherwise extensive cross-examination was an abuse of discretion or prejudicial to claimant's rights.

Finally, claimant's argument that the referee committed an error of law by deciding the case under Section 301(g) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,*[2] is meritless. It is clear from the record that the referee's indication that he was deciding the case under Section 301(g) was a typographical error and that claimant was in no way prejudiced. The Board, on appeal, properly amended the order. *Joseph H. Cohen, Inc. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 349, 381 A.2d 1330 (1978).

Accordingly, we enter the following

### ORDER

AND Now, this 11th day of April, 1980, the order of the Workmen's Compensation Appeal Board, dated February 8, 1979, denying benefits to claimant, Anna Kantner, deceased, now by substitution, Reverend William Kantner, is hereby affirmed.

President Judge BOWMAN did not participate in the decision in this case.

---

[2] There is no Section 301(g) of the Act. The proper section is 108(q), added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(q), which defines anthracosilicosis as an occupational disease under the Act.