510 A.2d 1294

Nancy Kope, Petitioner *v.* Workmen's Compensation Appeal Board (Borg Warner Corporation), Respondents.

Submitted on briefs May 13, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge ROGERS, sitting as a panel of three.

*Carl M. Mazzocone, Kates & Mazzocone,* for petitioner.

*Joseph W. Moyer, Stetler & Gribbin,* for respondent, Borg Warner Corporation.

OPINION BY JUDGE COLINS, June 25, 1986:

Nancy Kope (claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision denying her disability petition for a period from April 26, 1983, and thereafter. Claimant injured her lower back while in the employ of Borg Warner Corporation (respondent) and was awarded disability from the date of injury, December 1, 1982, until

April 26, 1983. The referee found that claimant was able to return to the job as a radial drill press operator as of the latter date.

The burden of establishing the right to compensation and all of the elements necessary to support an award is on the claimant, and where the claimant fails to prevail, the Board's findings of fact must be sustained unless they capriciously disregard competent evidence or unless they are inconsistent with each other or with either the Board's conclusions of law or its order. *Arena v. Packaging Systems Corp.,* 510 Pa. 34, 507 A.2d 18 (1986).

On appeal, claimant argues first that the referee's determination that she was able to return to her job as of April 26, 1983, constituted a capricious disregard of record evidence. After careful review, we must disagree with this contention. At the hearing, claimant and a co-worker, Mr. Shane, testified as to the circumstances of the date of injury. Claimant testified that she had leg pains and difficulty in driving and sleeping. Dr. Dietrich, the claimant's family physician, Dr. Mitrick, an orthopedic surgeon, and Dr. Brennan, a neurologist, also testified on claimant's behalf.

Dr. Steinman, who specializes in physical medicine and rehabilitation, testified for respondent. In addition, respondent presented testimony of a Mr. Gochenour, a private investigator, who had performed surveillance of claimant at respondent's request on April 26, 27, and 28, 1983; August 14 and 15, 1983; and June 8 and 11, 1984. Mr. Gochenour presented slides of claimant indulging in relatively normal everyday activities, such as hanging laundry, going to the beauty parlour, going to the doctor's, going to the store, washing her car, working on a charcoal grille, sweeping her front porch, hosing down her front porch and windows, and so forth. Mr. Gochenour then presented a video tape which similarly documented claimant's activities.

Taken together, Dr. Brennan's testimony and the photographic evidence presented .by respondent's investigator suffice as substantial evidence. In choosing to believe respondent's witnesses, the referee did not capriciously disregard competent evidence but exercised his credibility function. The referee specifically found the claimant was not credible as a witness, and credibility issues are for the referee to resolve, not this Court. *Tarr v. Workmen's Compensation Appeal Board (Kayro Precision Casting Corp.)*, 95 Pa. Commonwealth Ct. 294, 505 A.2d 389 (1986).

Likewise, we reject claimant's second argument that her counsel was not afforded an adequate opportunity to cross-examine Mr. Gochenour regarding the photographic evidence. A referee, like a trial judge, may limit cross-examination at a hearing so long as reasonable cross-examination is permitted. *Duquesne Light Co. v. Workmen's Compensation Appeal Board*, 53 Pa. Commonwealth Ct. 92, 416 A.2d 651 (1980); *Kantner v. Reading Anthracite Company*, 50 Pa. Commonwealth Ct. 437, 413 A.2d 30 (1980); *First National Bank of Pike County v. Department of Banking*, 7 Pa. Commonwealth Ct. 603, 300 A.2d 823 (1973). The record shows that counsel for claimant attempted to pursue the theory that certain of the slides were shown backwards and were, therefore, not accurate depictions of claimant's activities. The referee allotted counsel ten (10) minutes of cross-examination time, and counsel used much of it to develop this theory of backwards insertion of the slides. Needless to say, we find no abuse of discretion or prejudice to claimant's rights from the referee's decisions to limit cross-examination on this subject or to limit cross-examination overall to ten (10) minutes.

Claimant's third and final argument is that she should have been permitted to testify in rebuttal to the film and slide evidence. We disagree. The purpose of

rebuttal evidence is to rebut in a relevant fashion. To be admissible, evidence must be relevant. McCormick, *Evidence* (2d Ed., 1972) §§184, 185. The referee in a workmen's compensation case is not free to completely disregard the rules of evidence, *Sledge v. Workmen's Compensation Appeal Board (Temple University)*, 78 Pa. Commonwealth Ct. 380, 467 A.2d 913 (1983). The referee may, in lawful exercise of his broad discretion, accept or reject the testimony of any witness in whole or in part. *Matlack, Inc. v. Workmen's Compensation Appeal Board (Zwald)*, 90 Pa. Commonwealth Ct. 196, 494 A.2d 510 (1985). Surveillance films are admissible in workmen's compensation proceedings and can be used by the referee in assessing the credibility of the claimant and/or the claimant's evidence. *Holshue v. Workmen's Compensation Appeal Board (Robideau Express)*, 84 Pa. Commonwealth Ct. 253, 479 A.2d 42 (1984); *Isadore v. Workmen's Compensation Appeal Board (Owens-Illinois)*, 77 Pa. Commonwealth Ct. 346, 465 A.2d 1096 (1983). Since the rebuttal evidence was not offered to show that the events depicted did not occur, there was no reason for the referee to hear further testimony from the claimant. The referee did not find claimant a credible witness, her testimony was not relevant to rebutting the films and would have been cumulative and repetitive. Consequently, the referee did not abuse his discretion in refusing to hear more testimony from claimant.

For the above reasons, the Board's decision is affirmed.

## ORDER

AND NOW, this 25th day of June, 1986, the order of the Workmen's Compensation Appeal Board, No. A-88770, dated June 10, 1985, is hereby affirmed.